### KOGAN *v.* STONE.

DECISION OF THE COURT.

1. PAUPERS — CONTRIBUTIONS — SUPPORT OF INDIGENT PARENT — EQUALLY DIVIDED COURT.

> Judgment for defendant brothers in action by plaintiff sister for contribution for support of their indigent mother whom plaintiff had supported since she became indigent is affirmed by an equally divided court (CLS 1961, §§ 401.2–401.4, 401.6–401.8, 401.17).

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5, 11, 16, 17] 41 Am Jur, Poor and Poor Laws § 7.
Nature of care contemplated by statute imposing general duty to care for indigent relatives. 92 ALR2d 348.
[4, 9, 10, 14, 15, 18] 41 Am Jur, Poor and Poor Laws §§ 7, 12.
[6–8] 18 Am Jur 2d, Contribution §§ 3, 4.
[12] 18 Am Jur 2d, Contribution § 98 *et seq.*
[13] 5 Am Jur 2d, Appeal and Error § 992.

2. SAME—INDIGENT PARENT—COMMON LAW.

There is no legal obligation at common law to support an indigent parent.

FOR REVERSAL AND REMAND.

T. M. KAVANAGH, C. J., and BLACK, SOURIS, and ADAMS, JJ.

3. PAUPERS—INDIGENT PARENT—STATUTES.

*The obligation to support an indigent parent is created by statute (CLS 1961, § 401.2).*

4. SAME—INDIGENT PARENT—STATUTES—JOINT AND SEVERAL LIABILITY OF CHILDREN.

*The statute imposing liability for support by children of indigent parent clearly creates a joint and several duty upon the children of the parent (CLS 1961, § 401.2).*

5. SAME—STATUTES—ENFORCEMENT OF OBLIGATION TO SUPPORT.

*The statutory obligation of children to support their indigent parents is enforceable, when necessary, either through probate court proceedings or by criminal prosecution since neither is exclusive (CLS 1961, §§ 401.2, 401.3; CL 1948, § 401.17).*

6. CONTRIBUTION—EQUITY.

*The doctrine of contribution rests upon the maxim that equality is equity.*

7. SAME—ENFORCEMENT OF JOINT LIABILITY.

*Contribution is based upon general considerations of justice, and not upon an implied contract; jurisdiction at law exists for the enforcement of a joint liability.*

8. SAME—EQUITY—COMMON OBLIGATION.

*Contribution is founded on principles of equity and natural justice, and is applied in those cases where one or more of several parties equally obligated have done more than their share in performing a common obligation, so that one who has paid more than his share of the joint obligation may recover contribution from his co-obligors.*

9. SAME—ENFORCEMENT—SUPPORT OF INDIGENT PARENT.

*Contribution by brothers of plaintiff for a share of support of their indigent mother need not be preceded by proceedings in probate court to enforce obligation plaintiff had voluntarily assumed (CLS 1961, §§ 401.2, 401.3).*

10. SAME—VOLUNTARY SUPPORT OF INDIGENT PARENT—RECOVERY FROM BROTHERS—QUESTION FOR JURY.

*A jury is competent to determine the amount of contribution that may be recovered from defendant brothers by plaintiff*

*sister who had voluntarily supported their indigent mother (CLS 1961, §§ 401.2, 401.3).*

11. PAUPERS—AMOUNT OF SUPPORT.

*The amount recoverable for the support of a needy person is that which is necessary for the humane and comfortable support of a needy person, and no more (CLS 1961, §§ 401.2, 401.3).*

12. PARTIES—JOINDER—CONTRIBUTION.

*Necessary parties to action for contribution to support of indigent mother may be joined pursuant to court rule (GCR 1963, 204, 205.1).*

13. APPEAL AND ERROR — REMAND — VOLUNTARY CONTRIBUTION TO SUPPORT OF INDIGENT MOTHER — CONTRACTS.

*Whether plaintiff daughter in fact acted as a volunteer to the extent of foregoing her right to contribution and whether there was an agreement exonerating defendant sons from contributing to the support of their indigent mother are issues to be determined upon trial, where case is remanded after appeal from order dismissing plaintiff's declaration (CLS 1961, §§ 401.2, 401.3).*

14. PAUPERS — PROBATE COURT PROCEEDING — SUPPORT OF INDIGENT PARENT.

*The probate court proceedings to enforce children's statutory duty to support an indigent parent is primarily prospective for the purpose of making provision for an indigent's future maintenance (CLS 1961, §§ 401.2, 401.3).*

FOR AFFIRMANCE.

DETHMERS, KELLY, SMITH, and O'HARA, JJ.

15. PAUPERS—JURISDICTION TO ENFORCE CONTRIBUTIONS.

*The failure of plaintiff to proceed to recover contributions from defendant brothers for their share of support for their indigent mother which had been voluntarily assumed by plaintiff did not transfer jurisdiction of the subject matter to the circuit court from the probate court where specific statutory provisions had lodged it (CLS 1961, § 401.3).*

16. SAME—MORAL AND LEGAL OBLIGATION TO SUPPORT INDIGENT PARENT.

*The moral obligation of a child to support an indigent parent does not change into a moral and legal responsibility to do so*

*until proceedings in accordance with the statute have been instituted, even though a jail penalty is provided for those who refuse to support their parents (CLS 1961, §§ 401.2–401.4, 401.6–401.8, 401.17).*

17. SAME—SUPPORT OF INDIGENT PARENT—JURISDICTION OF THE PROBATE COURT.

*The probate court, not the circuit court, is vested by statute with jurisdiction to decide how many of an indigent parent's children are able to financially support, and to what extent they should support, the parent (CLS 1961, §§ 401.2–401.4, 401.6–401.8).*

18. SAME—CONTRIBUTIONS FOR SUPPORT OF INDIGENT PARENT.

*A probate judge in making determination in statutory proceedings to enforce contributions from children of indigent parent may properly take into consideration the fact that a child has assumed her moral obligation to support the parent since the latter became indigent and credit her with whatever proportionate share of past contributions is deemed appropriate when determining amount of future contributions to be made (CLS 1961, §§ 401.2–401.4, 401.6–401.8).*

Appeal from Wayne; Weideman (Carl M.), J. Submitted February 3, 1965. (Calendar No. 35, Docket No. 50,375.) Decided June 7, 1965. Rehearing denied October 4, 1965.

Declaration by Mamie Kogan against Arthur Stone and George Stone for contribution for support of their mother. Judgment for defendants. Plaintiff appeals. Affirmed by an equally divided court.

*William A. Yolles,* for plaintiff.

*Max E. Klayman,* for defendants.

ADAMS, J. (*for reversal and remand*). The question presented by this appeal is whether there is a

right to contribution from members of a class who by statute are required to support a relative.

Plaintiff alleges her mother, Dora Goldstein, is an indigent widow; that, of her six children, plaintiff and the defendants have sufficient financial ability to contribute to her support; and that since 1959 she alone has supported her mother because defendants have refused to do so. Plaintiff seeks to recover two-thirds of the money paid. Defendants moved to dismiss for failure to state a cause of action and because plaintiff was a volunteer. The motion was denied. On motion for rehearing, defendants alleged that the other children of Mrs. Goldstein were necessary parties and that there was an agreement exonerating defendants. The circuit judge granted the motion to dismiss, holding that the matter was statutory under CLS 1961, § 401.2 (Stat Ann 1960 Rev § 16-.122) and that any action must be brought in probate court.

The obligation to support is created by the above statute, there being no legal obligation at common law to support an indigent parent. *Schwanz* v. *Wujek,* 163 Mich 492. The statute provides:

"The husband, wife, father, mother and children of any poor person, being of sufficient ability, shall jointly or severally relieve, maintain and support the poor person."

Defendants say that the statutory scheme of chapter 1 of the poor law (PA 1925, No 146, as amended [CL 1948 and CLS 1961, § 401.1 *et seq.* (Stat Ann 1960 Rev § 16.121 *et seq.*)]) provides an exclusive procedure through the probate courts. Under the law, enforcement of liability is left to proceedings to be instituted by specified local agencies or a dependent parent; the probate court is authorized to proceed by summary hearing; it can direct two or more relatives of different degrees to contribute to

the support of an indigent; it can fix the time for payment and vary its orders for payment as circumstances may require; and may enforce its orders by contempt proceedings.

This statutory scheme, defendants argue, is a clear indication of the intent of the legislature to provide a single and exclusive method of enforcement.

The argument overlooks CL 1948, § 401.17 (Stat Ann 1960 Rev § 16.137), which provides that, on conviction for failure to support, the person so convicted shall be sentenced to not less than three months nor more than one year in the county jail at hard labor. CL 1948, § 401.18 (Stat Ann 1960 Rev § 16.138), provides for suspension of sentence in the event $1,000 bond is posted to insure performance.

While there are no decisions of this Court directly in point, two cases contain related problems. In *Clinton* v. *Laning*, 61 Mich 355, an action was brought by a father to recover expenses incurred to support a grown-up son who became grossly drunk at defendant's tavern and, as a result, froze his feet and a hand. In holding that the father had a cause of action, the Court discussed an earlier version of the present statute. It was contended, as in this case, that the father was a volunteer, because the statute did not place him under a legal duty of support until the indigent relative was forced to employ the aid of the probate court. The Court said (pp 359, 360):

"But we think the law does not require a father to attempt to turn over his son to the custody of the superintendents of the poor before he can be regarded as under a duty of maintenance. * * *

"We think that the voluntary assumption of this duty may fairly be regarded as performing a legal obligation."

The appellees claim support from *Schwanz* v. *Wujek, supra.* That decision contains a statement that the statute does not give rise to legal liability until proceedings are begun under the poor law. The case involved suit by a surgeon for services and hospitalization rendered to the defendant's indigent father.* The Court seemed more impressed with the possible existence of an express contract than with founding the action on the statute. It was, perhaps, because of this that no reason was given for the conclusion (p 495):

"It is clear the liability does not attach until the statutory proceedings have been had."

This ruling is inconsistent with both *Clinton* and more recent pronouncements of this Court. See *Judis* v. *Borg-Warner Corp.,* 339 Mich 313, 326; *MacDonald* v. *Quimby,* 350 Mich 21, 29.

The statute clearly creates a joint and several duty which under plaintiff's pleaded case fell equally upon plaintiff and defendants. The primary object of the law is to create an obligation upon relatives for support of an indigent. Subordinate to that object, in the event of failure to obey the law, the legislature provided two procedures for enforcement—one through probate court, the other by criminal prosecution. Neither is exclusive. In the vast majority of cases neither will be utilized since in most instances the law will be obeyed and support forthcoming on a voluntary basis.

Plaintiff's dilemma is that, if she obeys the law, probate proceedings cannot be invoked by her. They come into play only "upon the failure of any relative to relieve and maintain." CLS 1961, § 401.3 (Stat Ann 1960 Rev § 16.123). If she disobeys the law,

---

* The weight of authority holds that family responsibility statutes, such as the one here involved, support an action by third persons. See Annotation, 116 ALR, p 1281.

she is subject to its criminal provision. CL 1948, § 401.17 (Stat Ann 1960 Rev § 16.137).

Under such circumstances plaintiff should not go remediless nor should defendants be permitted to escape their obligations. The familiar principle of contribution is applicable here.

"The doctrine of contribution rests upon the maxim, Equality is equity (see sections 405–412). Although contribution is based upon general considerations of justice, and not upon any notion of an implied promise, a jurisdiction at law has become well settled which is sufficient in all ordinary cases of suretyship or joint liability." 4 Pomeroy's Equity Jurisprudence (5th ed), § 1418, p 1072.

Michigan's conception of the principle was expressed in *Lorimer* v. *Julius Knack Coal Co.*, 246 Mich 214, 217:

"It has often been stated by the courts that contribution is founded on principles of equity and natural justice. The doctrine rests on the principle that when parties stand *in aequali jure,* the law requires equality, which is equity, and one of the parties will not be obliged to bear more than his just share of a common burden or obligation to the advantage of his co-obligors. 13 CJ p 821. It is applied in those cases where one or more of several parties equally obligated have done more than their share in performing a common obligation."

See, also, *Comstock* v. *Potter,* 191 Mich 629, 637, 638.

Another question raised both in this case and in *Clinton, supra,* is the determination of damages. In *Clinton,* the Court recognized that determination of the amount of maintenance by a jury was perhaps more complicated than determination by a probate court, but found the difficulty was not insuperable and that a jury would be competent to make the determination. As for the amount to be recovered, the

Court stated that the law imposes such an amount as would be (p 360) :

"necessary for the humane and comfortable support of a needy person, and no more. All beyond this, which affection may prompt, and which it is likely to furnish, must be regarded as a free-will offering, and not a legal duty."

Upon remand, if the remaining children of Dora Goldstein are necessary parties, they can readily be joined under the provisions of GCR 1963, 204 or GCR 1963, 205.1. Whether plaintiff in fact acted as a volunteer to the extent of foregoing her right to contribution and whether there was an agreement exonerating the defendants are issues to be determined upon trial.

We do not regard this proceeding as in any way affecting the jurisdiction of the probate court under PA 1925, No 146, as amended (CL 1948 and CLS 1961, § 401.1 *et seq.* [Stat Ann 1960 Rev § 16.121 *et seq.*]). The probate court proceeding is primarily prospective, for the purpose of making provision for an indigent's future maintenance. This action is to recover a proper share from those jointly and severally responsible for the past performance of a duty the statute imposes.

The judgment should be reversed and remanded. Costs to appellant.

T. M. KAVANAGH, C. J., and BLACK and SOURIS, JJ., concurred with ADAMS, J.

KELLY, J. (*for affirmance*). Plaintiff's failure to proceed as provided by statute did not transfer jurisdiction of the subject matter from the probate to the circuit court.

Our decision in this appeal depends upon construction of the poor law, PA 1925, No 146, as amended,

and a summary thereof as it applies to this appeal follows:

CLS 1961, § 401.2 (Stat Ann 1960 Rev § 16.122), provides that the children "of sufficient ability, shall jointly or severally relieve, maintain and support" their mother *"in such manner as shall be approved by the county department of social welfare."* (Emphasis supplied.)

CLS 1961, § 401.3 (Stat Ann 1960 Rev § 16.123), was enacted by the legislature to provide for enforcement of liability of relatives and provided that if the children refused or failed to support their mother in the manner approved by the county department of social welfare, then "it shall be the duty" of said department to apply to the probate court of the county where the mother resides *"for an order to compel such relief."* (Emphasis supplied.)

CLS 1961, § 401.4 (Stat Ann 1960 Rev § 16.124) calls for the probate court to "proceed in a summary way to hear the proofs and allegations of the parties," and to then order the sons and daughters "of sufficient ability" to pay "the sum which will be sufficient for the support of such poor person."

There follows legislative directives[1] *in re* "proportionate liability"; "duration of order" and "change in terms"; and "costs; enforcement of orders."

At common law an adult child is under no legal obligation to support an indigent parent. Appellant does not dispute this fact and in her declaration, recognizing that the statute prevails, states:

"4. That since July 1, 1959, and prior thereto, Dora Goldstein has been unable to support, maintain, and care for herself and, at all such times, has been an indigent person.

"5. That it has accordingly been the joint and several responsibility of the parties hereto to sup-

---

[1] CLS 1961, §§ 401.6, 401.7 and CL 1948, § 401.8 (Stat Ann 1960 Rev §§ 16.126–16.128).

port, maintain, and care for said Dora Goldstein, their mother, under the laws of the State of Michigan including, among others, CLS 1961, § 401.2 (Stat Ann 1960 Rev § 16.122), but notwithstanding this obligation, the defendants have wholly refused and neglected to do so."

If plaintiff and defendants' mother was an indigent person on July 1, 1959, there was a *moral* responsibility upon her children to support, maintain and care for her, but that *moral* responsibility did not change into a *moral and legal responsibility* until proceedings in accordance with the sections of the statute referred to above had been instituted, and this fact is made definitely clear in our decision in *Pinel* v. *Rapid Railway System,* 184 Mich 169, wherein we said (p 171):

"A son is always under moral obligation to assist his indigent mother, but he is under no legal obligation to do so until proceedings under the statute have resulted in an order compelling him to do so."

Also, in our decision in *Schwanz* v. *Wujek,* 163 Mich 492, where we said (p 494):

"Undoubtedly there rested upon the son the moral obligation to care for his father so far as was consistent with his own means and station in life, but this was not a legal duty except as it became so by virtue of statutory enactment."

Appellant cites CL 1948, § 401.17 (Stat Ann 1960 Rev § 16.137), which provides for a jail term for those who refuse to support their parents, and *Clinton* v. *Laning,* 61 Mich 355, where a father sought reimbursement for expenses incurred in caring for his son from those responsible for the drunkenness that resulted in exposure and freezing of the son's feet and a hand. Neither this section of the statute

nor the cited case relieves plaintiff from proceeding under the statute.[2]

Appellant asks this Court to send this case back to the circuit court for trial by jury, stating "a jury could determine the amount of support to be paid by the various adult children with at least equal competence of a probate judge," and that by so doing "this Court has a unique opportunity to harmonize the law of the State with the moral law."

The law is not ambiguous. It clearly provides that in those unfortunate situations where it is necessary to invoke the aid of a court to decide how many of the children are able to financially support, and to what extent they should support, their mother, the determination should not be made by a jury on the circuit court level, but on the probate court level where, after careful investigation and report by the county department of social welfare, the probate judge "shall proceed in a summary way to hear the proofs and allegations of the parties," and then render decision.

The trial court did not err in holding that the circuit court did not have jurisdiction.

If proceedings are hereafter instituted resulting in a probate court order, the probate judge may, taking into consideration the fact that appellant has assumed her moral obligation to support her mother since the latter became an indigent, credit appellant, in regard to future contributions, with whatever proportionate share of past contributions, is deemed appropriate.

Affirmed. Costs to appellees.

DETHMERS, SMITH, and O'HARA, JJ., concurred with KELLY, J.

---

[2] CLS 1961, §§ 401.2-401.4 (Stat Ann 1960 Rev §§ 16.122-16.124).